IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

APC, Inc.,
    Plaintiff,

v.

SOLVEIG HUSETH,
    Defendant.

No. 3:10-0444

JUDGE ECHOLS
MAGISTRATE JUDGE GRIFFIN

## INITIAL CASE MANAGEMENT ORDER

**A. JURISDICTION AND VENUE:** The court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant removed this action from the Chancery Court of Davidson County, Tennessee, pursuant to 28 U.S.C. § 1446.

Defendant Huseth has filed a Motion to Dismiss for lack of personal jurisdiction. That motion is presently pending.

**B. BRIEF THEORIES OF THE PARTIES:**

**1. PLAINTIFF:** Plaintiff alleges that the Defendant breached a Licensing Agreement by failure to pay royalties, late fees and other related charges.

**2. DEFENDANT'S THEORY:** Defendant Huseth asserts that she is not subject to personal jurisdiction in the courts of Tennessee. Defendant Huseth also asserts that the Complaint should be dismissed for failure to sue a necessary party, International Theatres Corporation d/b/a Chanhassen Dinner Theatres.

Aside from the dispositive procedural issues with the Complaint, there are substantive reasons why the Complaint should be dismissed. First, the Court should consider the entire contract and make a determination that Huseth is not a party

individually to the contract between International Theatres d/b/a Chanhassen Dinner Theatres and APC, but that she merely signed the agreement in her representative capacity as the manager. Indeed, Plaintiff APC acknowledged as much when Plaintiff's licensing agent told Huseth to have International Theatres Corporation d/b/a Chanhassen Dinner Theatres provide on letterhead the clarification, which Huseth did.

Second, the Court should find no contract was ever formed between Plaintiff and Huseth because there was no consideration. There is no consideration flowing from APC to Huseth to establish an agreement between the two. Under the terms of the License Agreement, APC grants to Chanhassen Dinner Theatre, and on its face, Huseth, the right and license to produce and present the play, "Always...Patsy Cline," in Chanhassen, Minnesota and use the logo in connection with the production. License Agreement, §§ III.A; VIII.C. APC also agrees not to allow any other production of the play within fifty (50) miles of Chanhassen Dinner Theater. These are the only benefits afforded by APC and detriments upon APC under the License Agreement.

Huseth, however, did not receive any of the benefit of APC's promises under the License Agreement. Huseth was an employee of International Theatres Corporation. She received a salary from International Theatres Corporation and did not receive bonuses or any additional compensation that was dependent on the success of "Always...Patsy Cline." Huseth did not receive any portion of the box office receipts or merchandise sales. Accordingly, Huseth did not receive any consideration under the terms of the License Agreement with APC.

C: **ISSUES RESOLVED:** None.

D. **ISSUES STILL IN DISPUTE:** All.

E. **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before June 28, 2010.

F. **DISCOVERY:** The parties shall complete all written discovery on or before February 1, 2011, and depose all fact witnesses on or before April 1, 2011. No motions concerning discovery are to be filed until after the parties have conferred in good faith and if, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Griffin.

G. **THE NEED FOR COUNTER-CLAIMS, CROSS-CLAIMS, THIRD PARTY CLAIMS, AMENDED PLEADINGS, JOINDER OF PARTIES:** Defendant Huseth has filed a Motion to Dismiss for Failure of Plaintiff to join a required party, International Theatres Corporation d/b/a Chanhassen Dinner Theatres ("International Theatres"). If the Court denies that Motion or does not order joinder of International Theatres, Defendant intends to bring a third party claim against that party.

H. **DISCLOSURE OF EXPERTS:** The plaintiff will not utilize an expert witness. The defendant does not intend to utilize an expert if Plaintiff does not seek to use one.

I. **JOINT MEDIATION REPORT:** The parties shall submit a joint mediation report on or before January 5, 2011.

**J.    DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions by May 9, 2011. Responses to dispositive motions shall be filed within twenty-one (21) days after service. Optional replies shall be filed within fourteen (14) days after service of the response. Briefs shall not exceed 25 pages.

**L.    ELECTRONIC DISCOVERY:** The parties have not reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 shall apply to this case until further notice.

**M.    ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately two (2) days.

It is so **ORDERED**.

U.S. Magistrate
Judge Juliet Griffin

**SUBMITTED FOR ENTRY:**

s/Sawnie R. Aldredge
Sawnie R. Aldredge (#10354)
2021 21st Avenue South, Suite 420
Nashville, TN 37212
(615) 385-4437 (phone)
(615) 385-4430 (fax)
trip@aldredgelaw.com
Attorney for Plaintiff

s/Salvador M. Hernandez
Salvador M. Hernandez (#020121)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700
(615) 320-3737 (fax)
shernandez@rwjplc.com
Attorney for Defendant